UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        v.                           **DECISION AND ORDER**
                                           17-CR-15-A

TYRONE PENNICK,

                          Defendant.

---

        The defendant, Tyrone Pennick, is charged in a three-Count Indictment alleging cocaine-trafficking offenses. The defendant is charged with one Count of conspiracy to possess with intent to distribute, and to distribute, more than 500 grams of cocaine in violation of 21 U.S.C. § 846; one Count of possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2; and one Count of maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1). The Indictment also includes notice of a sentence enhancement for committing a crime while on pretrial release under 18 U.S.C. § 3147.

        The case was referred to Magistrate Judge Michael J. Roemer pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings. Defendant Pennick filed motions to suppress items of tangible evidence seized during execution of a search warrant and post-arrest oral statements, and sought disclosure orders. Dkt. No. 22. The Magistrate Judge held an evidentiary hearing during which one law enforcement officer testified. After briefing and oral argument, the Magistrate Judge recommended in a Report, Recommendation and Order filed on February 27, 2018, that the Court should deny the defendant's motions to suppress, and he denied the defendant's

motions for disclosure orders. Dkt. No. 61.

Defendant Pennick has filed objections to the recommended denial of his suppression motions and has appealed the denial of his disclosure motions. Pursuant to 28 U.S.C. § 636(b)(1), the Court makes a *de novo* determination of those portions of a Magistrate Judge's report and recommendation to which specific objections have been made. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). And upon *de novo* review, the Court "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3).

Defendant Pennick objects specifically to the Magistrate Judge's recommendation that the Court conclude that the defendant lacks standing to challenge a search of the defendant's residence at 489 Emerson Drive, Amherst, New York, on November 17, 2016. He argues that his counsel's affidavit, and Court records showing that 489 Emerson Drive was his residence, are sufficient to establish his standing.

Upon *de novo* review, the Court finds that the Magistrate Judge correctly concluded that defendant Pennick failed to establish that he had a subjective and reasonable expectation of privacy in his residence at 489 Emerson Drive. Dkt. No. 61, pp. 8-9. The defendant failed to carry his threshold burden to establish standing to challenge the search of his residence for the reasons stated by the Magistrate Judge, and the defendant's motion to suppress items seized from that address during execution of a search warrant is therefore denied.

Although a residence has special status under the Fourth Amendment, *see e.g.,*

*Payton v. New York*, 445 U.S. 573, 589 (1980), standing to challenge the search of a residence is neither automatic nor presumed. *See e.g.*, *United States v. Watson*, 404 F3d 163 (2d Cir. 2005). As defendant Pennick acknowledges, he was on home incarceration at 489 Emerson Drive pursuant to an Order Setting Conditions of Release that included a condition that the premises were subject to a suspicionless search. *See* 10-CR-191, Dkt. No. 791, p. 2 ("submit to a search of his person, residence, vehicle and any other property under his control"); Dkt. No. 64, p. 7, n.1. The defendant signed the pretrial release Order to acknowledge he was aware of all the conditions it imposed. *See* 10-CR-191, Dkt. No. 791, p. 3. Presuming that the defendant had a subjective expectation of privacy in the residence, when he was subject to the suspicionless search condition imposed in the pretrial release Order, would have been error. In any event, the affidavit that defense counsel submitted to show that the defendant resided at 489 Emerson Drive was, without more, insufficient to establish the defendant's standing to challenge the search. Fed. R. Crim. P. 59(b)(3).

Defendant Pennick purports to object to the Magistrate Judge's recommendation to deny his motion to suppress his post-arrrest oral statements by incorporating arguments he made before the Magistrate Judge, without specifically identifying any proposed finding or recommendation to which he objects and without citation to legal authority. As a result, the defendant's purported objections failed to preserve an issue on this subject. *See* Dkt. No. 61, p. 18 (citing L. R. Crim. P. 59(c)(2)); *United States v. Male Juvenile*, 121 F.3d at 38 ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any

further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.") Nevertheless, the Court reviewed the record developed before the Magistrate Judge, and the Court finds that defendant's statements were voluntary, and that the defendant's rights to counsel and against self-incrimination under *Miranda*[1] were not violated during the post-arrest questioning. The Court therefore adopts the findings and recommendations of the Magistrate Judge.

Finally, defendant Pennick raises no clear error and identifies no ruling contrary to law in any of the non-dispositive rulings made by the Magistrate Judge. The defendant's conclusory appeal of those rulings merits no discussion. Fed. R. Crim. P. 59(a); L. R. Crim. P. 59(c)(1); 28 U.S.C. § 636(b)(1)(A).

**IT IS SO ORDERED.**

               *S/Richard J. Arcara*
               HONORABLE RICHARD J. ARCARA
               UNITED STATES DISTRICT COURT

Dated: June 26, 2018

---

[1] *Miranda* refers to *Miranda v. Arizona*, 384 U.S. 436 (1968).